IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ronnie McCray, ) | C/A NO. 6:11-614-CMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Former Director Jon Ozmint; ) | |
| Omar Shaheed, Coordinator for Islamic ) | |
| Affairs; Sgt. Long (STG Chairperson); ) | |
| Investigator Pearson (STG Coordinator); ) | |
| Glen Franz, Security for South Carolina ) | |
| Dept. of Corrections; Robert Ward, Deputy ) | |
| Director of Operation for S.C. Dept. of ) | |
| Corr.; in their individual and official ) | |
| capacities, and SCDC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 27, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed with prejudice due to Plaintiff's failure to prosecute this action. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Report that this matter should be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 17, 2011